UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Silvestre ESTRADA, *a minor, by and through is proposed guardian ad litem Emily Prieto*, *et al.*,<br><br>                                        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                        Defendant. | Case No.: 22-cv-00373-AJB-BGS<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>**[ECF No. 29]** |

A heavily redacted After-Action Report (the Report) of the San Diego Sector, El Cajon Station, of the U.S. Border Patrol (the Border Patrol) generated several days after the shooting in this case was provided to Plaintiff on September 27, 2022, in response to a Request for Production of Documents under Rule 34 of the Federal Rules of Civil Procedure. (ECF No. 29, at 2.) On November 7, 2022, the parties filed a joint motion for Discovery Dispute Resolution with this Court. (ECF No. 29.) In their motion, the parties request that this Court review in camera the unredacted Report, which has been filed ex parte and under seal by Defendant as Exhibit 3 to the parties' joint brief. (*Id.*) The parties seek a decision by this Court as to whether any of already-made redactions in the version of the Report provided to Plaintiffs, which has been filed under seal as Exhibit 1 to the parties' joint brief, should be removed. (*Id.*) Defendant contends the redactions were made

1

22-cv-00373-AJB-BGS

to protect material subject to the deliberative process privilege.[1]  Based on its in camera review of Exhibit 3, this Court finds as follows.

## I. LEGAL STANDARD

Under the deliberative process privilege, a government may withhold documents that "reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated." *Fed. Trade Comm'n v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).  The purpose of the privilege is "to promote frank and independent discussion among those responsible for making governmental decisions and also to protect against premature disclosure of proposed agency policies or decisions."  *Id.* (citation omitted).  To be protected by the deliberative process privilege, "a document must be both (1) predecisional or antecedent to the adoption of agency policy and (2) deliberative, meaning it must actually be related to the process by which policies are formulated."  *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) (internal quotation marks omitted).

A "predecisional document is one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."  *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089, 1093 (9th Cir. 1997) (internal quotation marks omitted).  Moreover, "the agency must identify a specific decision to which the document is predecisional."  *Id.* at 1094.

A predecisional document is part of the deliberative process if "the disclosure of [the] materials would expose an agency's decision-making process in such a way as to

---

[1] Federal law recognizes a deliberative process privilege, which shields confidential inter-agency memoranda on matters of law or policy from public disclosure. *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1116 (9th Cir. 1988).

discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Carter v. U.S. Dep't of Com.*, 307 F.3d 1084, 1089 (9th Cir. 2002) (internal quotation marks omitted) (alteration in original). "[P]redecisional materials are privileged to the extent they reveal the mental processes of decision-makers." *Id.* at 1090 (internal quotation marks omitted). Moreover, a document is considered part of the deliberative process when it "actually . . . relate[s] to the process by which policies are formulated." *Nat'l Wildlife Fed'n*, 861 F.2d at 1117 (internal quotation marks omitted).

Notably, even when the deliberative process privilege applies, the privilege is a qualified one and if a litigant's need for the materials and need for accurate factfinding outweighs the government's interest in confidentiality, the materials will be disclosed. *Warner Commc'ns Inc.*, 742 F.2d at 1161. In weighing the competing interests, a court may consider: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *Calvary Chapel San Jose v. Cody*, No. 20-cv-03794-BLF (VKD), 2022 WL 3566446, at *2 (N.D. Cal. Aug. 18, 2022).

Finally, "[p]urely factual material that does not reflect deliberative processes is not protected" by the privilege. *Warner Commc'ns Inc.*, 742 F.2d at 1161; *see also Sanchez v. Johnson*, No. C-00-1593-CW (JCS), 2011 WL 1870308, at *5 (N.D. Cal. Nov. 19, 2001) ("[T]he fact/opinion distinction should not be applied mechanically. Rather, the relevant inquiry is whether revealing the information exposes the deliberative process."). Only factual material "so interwoven with the deliberative material that it is not severable" is protected. *Warner Commc'ns Inc.*, 742 F.2d at 1161.

Defendant has the burden of "establishing what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980). "[T]he privilege must be strictly confined within the narrowest possible limits consistent with the logic of its

principles." *Sanchez*, 2011 WL 1870308, at *5 (internal quotation marks omitted).

## II. DISCUSSION

### A. Predecisional and Deliberative

Defendant argues that the Report is predecisional and deliberative because it summarizes the Border Patrol's "inter-agency brainstorm discussion of its response efforts in this case, including exploring possibilities for how to potentially enhance future response efforts." (Joint Mot. Disc., at 6.) After a thorough review of the Report, the Court finds that most of the Report is predecisional and deliberative.

The purpose of the Report is to provide recommendations to improve future responses to critical situations like the one in this case. Thus, the Court finds that the Report recommendations were made as part of an internal process to develop future policy. The Report recommendations are, therefore, predecisional. *See Maricopa Audubon Soc'y*, 108 F.3d at 1093; *see also Perez v. United States*, No. 13cv1417-WQH-BGS, 2016 WL 499025, at *9 (S.D. Cal. Feb. 9, 2016) ("Because the Recommendations Report was prepared to assist [ U.S. Customs and Border Patrol (CBP)] in arriving at their decision to revise the use of force policy, and includes recommendations from operational entities within CBP, the Court finds that it is predecisional.").

The Court also finds that full disclosure of the recommendations in the Report would expose the Border Patrol's decision-making process related to its management of critical incidents, discourage candid discussion in the ranks of the Border Patrol about areas of improvement after critical incidents occur, and undermine the Border Patrol's ability to improve its management of future critical incidents as a result. The Report recommendations are, therefore, also deliberative. *See Nat'l Wildlife Fed'n*, 861 F.2d at 1117; *see also Perez*, 2016 WL 499025, at *9.

### B. Factual

Plaintiffs correctly note that any purely factual material is discoverable. *See Warner Commc'ns, Inc.*, 742 F.2d at 1161. After reviewing the unredacted Report for purely

4

factual material, the Court has found a very limited number of redacted statements it deems purely factual. Those include statements Defendant has left unredacted in the parties' Exhibit 1, which have already been provided to Plaintiffs, and three additional statements the Court has found in Exhibit 3 that should be unredacted and provided to Plaintiffs.

### C.  Balancing Factors

Finally, as to material in the Report that is not purely factual and is predecisional and deliberative, after weighing Plaintiffs' need for the materials and need for accurate fact-finding against the government's interest in non-disclosure, the Court finds six additional statements that should be unredacted and provided to Plaintiffs.

#### 1.  Relevance

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Plaintiffs assert that the preservation of the crime scene is a major issue in this case insofar as it will address the key issue of whether the decedent's vehicle was slow-moving such that officers could have easily stepped out of the vehicle's path. Plaintiffs assert that to the extent that the Border Patrol's actions undermined the reliability of the crime scene, their verbal accounts of the necessity of using deadly force would likely be less credible.

The Court finds that although the bulk of the Report does not concern preservation of the crime scene, six redacted statements do. Therefore, they are relevant to Plaintiffs' stated theory of the case.

#### 2.  Comparable Evidence from Other Sources

Again, to a limited degree, the Report assesses the Border Patrol agents' preservation of the crime scene, and that assessment is directly relevant to Plaintiffs' theory of the case. The only other evidence on this issue would come by way of expert opinion. The Court does not deem such to be comparable evidence.

#### 3.  Government's Role in the Litigation

      The government's role in the incident addressed in the Report is the subject of this litigation. A federal district court for this district has held that the "nature of the allegations and the role of the government in the litigation itself . . . tip[s] the scales in favor of disclosure." *Newport Pacific Inc. v. Cty. of San Diego*, 200 F.R.D. 628, 640 (S.D. Cal. 2001). Thus, the government's role in this litigation likewise militates toward disclosure.

      4.    Chilling Agency Discussion

      Defendant asserts that the Report summarizes Border Patrol inter-agency brainstorming and discusses its response efforts, including an exploration of possibilities of how to potentially enhance future response efforts, which are candid discussions that should occur after any significant event. Subjecting brainstorming and discussion to discovery would unquestionably hinder future frank discussions.

      While addressing similar contentions regarding the chilling effect disclosure of documents would have on behind-the-scenes discussion, a federal district court for the Northern District of California has held that disclosure of such documents would "intrude [only] minimally, and without prejudice, into agency deliberations." *Sanchez*, 2001 WL 1870308, at *1. This district has found that similar documents should be produced after noting that "the infringement upon the frank and independent discussions regarding contemplated policies and decisions by the County . . . can be alleviated through the use of a strict protective order." *Price v. Cty. of San Diego*, 165 F.R.D. 614, 620 (S.D. Cal. 1996).

      The Court finds these decisions persuasive. In short, Defendant's concern regarding the frankness of agency discussion does not weigh strongly against disclosure and can be mitigated by a protective order. Further, the six additional predecisional and deliberative statements from the Report that are to be unredacted are a very small portion of the Report. Such a small redaction reduces any chilling effect.

## III. CONCLUSION

      The parties requested that the Court review the Report in camera to determine whether and to what extent the deliberative process privilege applies to it. As discussed

above, the Court finds and concludes that the privilege does not apply to three statements redacted in the Report and finds and concludes that although the privilege does apply to the remainder of the redacted portions of the Report, after balancing several factors, six of the redacted statements should be unredacted and provided to Plaintiffs.

The parties shall meet and confer as to the method they propose the Court use to identify the statements that shall be unredacted. The parties shall file a proposal describing the method with the Court by **December 13, 2022**.

**IT IS SO ORDERED**.

Dated: December 6, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge